**GLENS FALLS INSURANCE COMPANY, a Corporation, and FARM BUREAU MUTUAL INSURANCE COMPANY, Plaintiffs-Appellees, v. STANDARD OIL COMPANY, a Corporation, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4939.   Decided June 26, 1953.

Wiles & Doucher, Columbus, for plaintiffs-appellees.

McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett, H. Vincent E. Mitchell, of Counsel, Cleveland, for defendant-appellant.

## OPINION

By THE COURT.

Submitted on motion of the plaintiffs-appellees seeking an order dismissing the appeal upon the following grounds:

(1) The appeal is not perfected within the time limited by law.

(2) The notice of appeal is defective.

The transcript of docket and journal entries reveals that a judgment was rendered for the plaintiffs on December 12, 1952, in the Municipal Court of Columbus, Ohio; that on January 13, 1953, a motion to vacate said judgment was filed setting forth the fact that "no notification of the entry of judgment was supplied to the defendant or its attorneys, and that the first notice of the entry of such judgment herein was received by defendant's attorneys on January 10, 1953"; this motion was sustained on March 6, 1953, and the same judgment was again re-entered on said date; that on March 16, 1953, a motion for a new trial was filed, which was overruled on April 3, 1953, and the notice of appeal which was directed to the order overruling the motion was filed on April 11, 1953. The bill of exceptions filed on April 13, 1953, disclosed that the case was heard on March 6, 1952, and that the defendant-appellant was represented by H. V. Mitchell of the firm of McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett of Cleveland, Ohio. The case was then submitted to the Court which entered its judgment on December 12, 1952, some eight months after the conclusion of the trial. In support of its motion to vacate, the appellant submitted the following affidavit which sets forth fully the pertinent facts:

"State of Ohio        )

"Cuyahoga County)   SS

"H. V. E. Mitchell, being first duly sworn, deposes and says that he is one of the attorneys for The Standard Oil Company, that in March 1952 he tried the above captioned case before Hon. Judge J. M. Matthias of the Municipal Court of Columbus, Ohio, that judgment on the merits was reserved by the court; that on June 10, 1952 counsel wrote the Clerk of the Municipal Court, Columbus, Ohio, inquiring as to the status of the case as shown by the court's journal and that several days thereafter he received from the court a note signed by Deputy Sachs that according to the journal docket in the Clerk's office the case had not as yet been returned and decided; that thereafter on January 10, 1953 deponent received a letter from Wiles & Doucher, Attorneys for plaintiff, dated January 8, 1953, in which deponent was informed that on December 12, 1952, judgment was rendered in favor of the plaintiff; deponent says that prior to receipt of said letter on January 10, 1953 he, nor any of his associates in the firm of McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett had any knowledge of the entry of judgment on December 12, 1952 in the above case, and that no notice was ever received by the office of McAfee, Grossman, Taplin, Hanning,

Newcomer & Hazlett of the entry of judgment from the Clerk of the Municipal Court of Columbus, Ohio.

"Deponent further says that because of the failure of the Clerk of the Municipal Court of Columbus, Ohio to notify defendant or its attorneys of the entry of judgment in favor of the plaintiff, defendant The Standard Oil Company has been deprived of its statutory right of appeal because of the lapse of time intervening between the date of December 12, 1952 and the present date.

"Further deponent saith not.

(Signed) H. Vincent E. Mitchell

"Sworn to before me and subscribed in my presence this 12th day of January, 1953.

(Signed)   Agnes B. Duncan,<br>Notary Public."

It will be noted that under §1608 GC the motion to vacate was filed within term, hence the question presented is whether there was an irregularity in the proceedings which would warrant the Court in vacating the judgment under §11576 GC, or was the judgment vacated solely for the purposes of extending the date for filing a bill? If the latter, there was an abuse of discretion and the motion should be sustained. **Hebert v. New York Central Railroad, 92 Oh Ap 512; Tims v. Holland Furnace Co., 156 Oh St 469.** However, in considering all the facts presented to the trial court upon the motion to vacate, we are are of the opinion sufficient grounds were set forth to sustain the action of the Court. We can find no fault with counsel for the appellant who did everything reasonably possible to protect the appellant's interest. The exercise of a sound discretion by the trial court permitted the judgment to be vacated.

It will be further noted, a motion for new trial was filed after the judgment was vacated and to which the appellee filed a brief contra going to the merits of the case. The judgment might properly have been vacated in order to permit the filing of this motion. Hence, it could not have been solely for the purpose of extending the time of appeal, the Court having assigned no reason for its action.

The question raised by the second branch of the motion relates to the finality of the order overruling the motion for a new trial. This question was only recently passed upon by this Court in the case of **Jolley v. Martin Brothers Box Company, 90 Oh Ap 416, Syllabus 2; 158 Oh St 416, 430.**

The motion to dismiss will be overruled.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

588

GLENS FALLS INSURANCE COMPANY, a Corporation, and FARM BUREAU MUTUAL INSURANCE COMPANY, Plaintiffs-Appellees, v. STANDARD OIL COMPANY, a Corporation, Defendant-Appellant.

No. 4939.   Decided October 23, 1953.

Wiles & Doucher, Arthur W. Wiles, of Counsel, Columbus, for plaintiffs-appellees.

McAfee, Grossman, Taplin, Hanning, Newcomer & Hazlett, H. V. E. Mitchell, of Counsel, Cleveland, for defendant-appellant.

(PUTNAM, PJ, of the Fifth District, sitting by designation.)

## OPINION

By PUTNAM, PJ.

This law appeal comes to this Court from the Municipal

Court of Columbus, Ohio, wherein a judgment was rendered in favor of the plaintiffs in the sum of $991.40 on a subrogation claim which plaintiffs were required to pay by reason of a fire on property on which they had insurance and which they claimed was due to a faulty installation by the defendant of a furnace on the insured property. The case was tried to the Court, a jury being waived. The assigned errors are that,

1. There is no evidence in the record of any negligence on the part of the defendant and consequently the judgment is contrary to law.

2. The judgment is against the manifest weight of the evidence and the Court erred in overruling the motion for a new trial.

Obviously, under these assigned errors the sole question presented to this Court concerns the weight and sufficiency of the evidence.

Briefly, the factual situation is as follows: About July 1, 1948, Mrs. Frank Howe, whose husband was athletic coach at Central High School, purchased the property in question. Prior to October 20, 1948, she contacted the defendant concerning additional storage for oil for their oil burner and as to the suitability of their heating unit which was located in the utility room of a basementless one story dwelling. As a result of this contact the defendant advised Mrs. Howe that her installation was improper and would not function as 'a floor furnace and undertook for a consideration, which was paid, to locate said heating furnace as an underfloor unit at a different place in the home and did so install it about October 20, 1948. The new installation was not satisfactory and on at least three occasions the furnace overheated and service calls were made to the defendant to correct the conditions then existing. The undisputed evidence shows that on two of these occasions the overheating was attempted to be corrected by 1) by fixing the fan, and (2) changing the thermostat control and oil feed. There is evidence in the record (p. 15) that several weeks before the fire the defendant was notified that water infiltrated into the casing of the furnace and was causing trouble by overheating. In any event, on November 28, 1948, while the owners were away from home the furnace became overheated and caused the fire in question. The evidence is clear that for several days prior to the fire and subsequent to the last service call the furnace had been working properly.

There is no difficulty with the law in this case. The defendant, having assumed to relocate and reinstall this fur-

nace, is bound by the implied warranty that the same would be done in a good and workmanlike manner and in accordance with sound engineering practice. The owners had a right to assume that it would be so installed and as applied to the facts in this case that it would be safely installed. The plaintiffs of course by reason of their subrogation are entitled to the same rights. In the final analysis the dereliction of the defendant is asserted to be in two respects: First, the failure properly to insulate the flue pipe from the furnace to the chimney from the floor joists. On this question the evidence is in dispute. Plaintiff's evidence is that this six inch flue pipe was up between the floor joists and not insulated. The evidence of the defendant is that it was anywhere from six to twelve inches from the floor joists. Whether this was from the sides or below is not too clear from some of the testimony. If the floor joists were 18 inches apart and the pipe six inches in diameter the pipe could be between the floor joists and yet six inches therefrom. However, other evidence of the defendant indicates that there was a one-fourth inch asbestos covering between the pipe and the floor joists. In any event, this is a disputed question of fact and we cannot say that the trial court resolved this question incorrectly. No finding of facts was made.

The second question as to improper installation has to do with the failure of the defendant properly to guard the heating unit from inundation by ground water. The evidence seems to preponderate that on the occasion of the fire which was certainly caused by an overheating of the furnace, that this overheating was caused by water infiltrating into the metal casing of the heating unit, and thus stopping the air circulation. On this proposition the question becomes as to whether or not under the circumstances the defendant should have anticipated this possibility and made adequate provisions therefor. On the one hand, defendant claims that the rains of two or three days previous were in fact of such intensity as to be an act of God and not to be anticipated. In reference to this claim it is to be noted that an act of God was not plead nor was an application made to amend the pleadings in conformity with this theory of the case. We may here state that there is no proof in the record bringing the situation under such a plea. On the other hand, as before stated, there is evidence that at a service call some weeks prior to the fire the situation as to ground water getting into the casing of the furnace was called to the attention of the defendant. With this situation before us we cannot say that the judgment of the lower court was against the mani-

fest weight of the evidence. The defendant, in view of the service complaints may well have been negligent in either failing properly to insulate the flue pipe or to provide against flooding by ground water. It follows that the judgment must be and is affirmed.

NICHOLS, J. of the Seventh District, MONTGOMERY, J, of the Fifth District, sitting by designation, concur.